the collection of taxes in consideration of the payment to it by the county of 33⅓ per cent. of all delinquent taxes, as of February 1, 1929, which were actually collected.

The state challenges the validity of the contract upon various grounds. It is unnecessary to enter into a discussion of the questions thus raised, for the reason that our Supreme Court in the case of Commissioners' Court v. Wallace, 118 Tex. 279, 15 S.W.(2d) 535, upheld the validity of a contract embodying substantially the same terms as the one here involved against the identical objections now presented.

The contract under consideration was entered into several months after the rendition of the above decision, and was evidently prepared with the view of following the very terms of the contract there construed, as it not only is a substantial copy of such contract, but, with a few immaterial exceptions, follows the identical wording thereof. Every objection now urged by the state was embodied in its brief filed in the above case, and the Supreme Court, after a full consideration of the objections thus urged, rendered its decision sustaining the validity of the contract.

Under authority of the case discussed, the writ of mandamus must be awarded as prayed for, and we so recommend.

CURETON, C. J.

The opinion of the Commission of Appeals is adopted, and the mandamus awarded.

**Eug. ALTHAUS v. STATE.**
No. 14520.

Court of Criminal Appeals of Texas.
June 17, 1931.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, P. J.

The offense is swindling, a misdemeanor; penalty assessed at a fine of $30 and confinement in the county jail for 15 days.

The indictment appears regular and regularly presented. The evidence heard before the trial court is not brought forward for review. No fundamental error has been perceived or pointed out.

The judgment is affirmed.

**Buster BLAND v. STATE.**
No. 14556.

Court of Criminal Appeals of Texas.
June 24, 1931.

W. R. Smith, Jr., of Austin, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CALHOUN, J.

Appellant was convicted of the theft of property, to wit, an automobile, of less than the value of $50, and his punishment assessed at six months in the county jail and a fine of $100.

Affidavit in proper form has been filed by appellant asking this court to dismiss his appeal.

The motion is granted, and the appeal dismissed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

**Warren CALDWELL v. STATE.**
No. 14509.

Court of Criminal Appeals of Texas.
June 10, 1931.

A. M. Waugh, of Houston, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, J.

Conviction for transporting intoxicating liquor; punishment, one year in the penitentiary.

The record is here without any statement of facts or bills of exception. The indictment correctly charges the offense, and is followed by the charge of the court, the judgment, and sentence.

No error appearing, the judgment will be affirmed.